# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Darlene Carlson,<br><br>       Plaintiff,<br><br>v.<br><br>GC Services, LP and WD Sparks,<br><br>       Defendants. | Civil No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Darlene Carlson is a natural person who resides in the City of Brainerd, County of Crow Wing, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.    Defendant GC Services, LP (hereinafter "Defendant GCS") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081, with a Minnesota registered agent of process of CT Corporation System, Inc., 100 S 5th Street #1075, Minneapolis, MN, 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant WD Sparks (hereinafter "Defendant Sparks") is a natural person who was employed at all times relevant herein by Defendant GCS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a student loan debt with SallieMae, in the approximate alleged amount of $15,446.85, which was allegedly used by Plaintiff for personal, family and household purposes.

8.    Plaintiff is informed and believes that she has never had a loan with SallieMae, nor is she an obligor on a loan through SallieMae or any loan that SallieMae is or was servicing.

9.    Plaintiff is a 71-year-old working grandmother who has never enrolled in any higher education programs beyond public high school, from which she graduated in 1957.

10.   Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### December 6, 2011 Initial Collection Letter

11.   On or about December 6, 2011, Defendant GCS contacted Plaintiff by dunning letter in an effort to collect this debt.

12.   Defendant GCS's dunning letter attempted to collect the alleged debt as outlined above.

13.   Defendant GCS's collection letter stated the account number as 83571.

14.   Included on the back of Defendant GCS's letter, in pertinent part, was the following notice:

> CONSUMER INFORMATION:
> UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEROF THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES.

### *Plaintiff's December 31st, 2011 Disputation Letter*

15.  On or about December 31, 2011, Plaintiff's daughter, acting on Plaintiff's behalf, faxed and mailed a letter requesting validation of the debt to Defendants.

16.  Plaintiff also disputed that she owed the alleged debt in her validation letter.

17.  In addition to the request for validation and disputation, Plaintiff provided the contact information of her attorney.

18.  Since January 2012, Defendants were on notice the Plaintiff was represented by an attorney.

19.  Thereafter, Plaintiff never received verification of the debt or a copy of any judgment from Defendants.

### *January 8, 2013 Illegal Collection Letter*

20.  On or about January 8, 2012, Defendant GCS's collector, Defendant Sparks, contacted Plaintiff by dunning letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21.  Defendant Sparks' letter stated that Defendants GCS notified Plaintiff of an opportunity to resolve her alleged defaulted student loan debt though Defendants' Reduced Interest Repayment Program.

22.  Defendant Sparks' collection letter again stated the account number as 83571.

23.  Included in the letter was a statement that this was an attempt to collect a debt and that any information obtained would be used for that purpose.

24.  This letter was received by Plaintiff despite the fact that Defendants were previously given notice that Plaintiff was represented by an attorney.

25.  On or about January 17, 2013 again disputed this debt with Defendants and requested validation.

26.  The above-described collection communication made to Plaintiff by Defendant Sparks while employed by Defendant GCS, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(2), 1692f, and 1692g(b) amongst others.

### Summary

27.  The above-described collection communication made to Plaintiff by each individual Defendant employed by Defendant GCS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

28.  Defendants attempt to collect this debt from Plaintiff, a person whom did not owe this debt, was an invasion of Plaintiff's privacy and her right to be left alone.

### *Respondeat Superior Liability*

29.   The acts and omissions of the Defendant Sparks, employed as an agent by Defendant GCS who communicated with Plaintiff as more further described herein, were committed within the time and space limits of Defendant Sparks' agency relationship with Defendant Sparks' principal, Defendant GCS.

30.   The acts and omissions by Defendant Sparks was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant GCS in collecting consumer debts.

31.   By committing these acts and omissions against Plaintiff, Defendant Sparks was motivated to benefit Defendant Sparks' principal, Defendant GCS.

32.   Defendant GCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

33.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36.   As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.


Dated: March 5, 2013                              Respectfully submitted
                                                  **BARRY, SLADE, WHEATON**
                                                  **& HELWIG, LLC**

                                                  By:  **s/Christopher S. Wheaton**
                                                  Christopher S. Wheaton, Esq.
                                                  Attorney I.D.#0389272
                                                  2701 University Avenue SE, Suite 209
                                                  Minneapolis, Minnesota 55414
                                                  Telephone:  (612) 379-8800
                                                  Facsimile: (612) 605-2102
                                                  cwheaton@lawpoint.com

csw/ui                                            **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA       )
                               ) ss
COUNTY OF CROW WING    )

Pursuant to 28 U.S.C. § 1746, Plaintiff Darlene Carlson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ *03* _____ *04* , ___ *13* ___
                          Month         Day        Year

*Darlene M Carlson.*
                                          Signature

-9-